UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **FRANK LUCCOLINI,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL J. ASTRUE,** ) <br> **Commissioner of the Social** ) <br> **Security Administration,** ) <br> ) <br> Defendant. ) <br> ) | Case  No. EDCV 07-1008 AJW <br><br> MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural history of this case, which is summarized in the Joint Stipulation. [See JS 2].  In a written hearing decision that constitutes the final decision of the Commissioner, an administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of borderline level of intellectual functioning, schizoaffective disorder, and history of gunshot wound to the left leg, but that he is not disabled because he retained the residual functional capacity ("RFC") to perform jobs that exist in significant numbers in the national economy. [See JS 2; Administrative Record ("AR") 17-18].

The ALJ noted that plaintiff filed several prior SSI applications, the most recent of which had been denied on March 14, 2003. The ALJ declined to reopen plaintiff's prior applications and applied res judicata to find that plaintiff was not disabled through March 14, 2003.[1]

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

///

///

---

[1] Unless reopened, a prior application for benefits that has been finally denied operates as res judicata and bars reconsideration of the issue of the claimant's disability through the date of the prior final decision denying benefits. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988); see also 20 C.F.R. §§ 404.905, 404.921, 416.1405, 416.1421 (stating that the Commissioner's initial and reconsideration determinations binding unless appealed or revised); 20 C.F.R. §§ 404.987-404.989, 416.1487-416.1489 (setting forth the conditions for reopening and revising final determinations). A final, binding determination of nondisability also gives rise to a presumption that the claimant continued to be able to work after the date of that determination. See Lester, 81 F.3d at 827; Lyle v. Secretary of Health and Human Services, 700 F.2d 566, 567 (9th Cir. 1983). The presumption of continuing non-disability may be overcome by a showing of "changed circumstances," by new facts establishing a previously unlitigated impairment, or where the claimant's unrepresented status has resulted in an inadequate record. See Lester, 81 F.3d at 827-828; Chavez, 844 F.2d at 693.

**Discussion**

**Treating psychiatrist's report**

Plaintiff contends that the ALJ improperly failed to consider an August 26, 2004 psychiatric evaluation of plaintiff by Jeremiah Umakanthan, M.D. of the San Bernardino County Department of Behavioral Health ("County Behavioral Health").

In his evaluation report, Dr. Umakanthan noted that plaintiff said he was seeking help for drinking and depression. Plaintiff reported having received psychiatric care in prison for bipolar disorder and schizophrenia. He told Dr. Umakanthan that he presently was taking Prozac and Risperdal, which had been prescribed by another physician at County Behavioral Health when plaintiff presented as "crisis walk-in" on July 20, 2004. Plaintiff said that he had discontinued drinking on July 16, 2004. [AR 272, 274-285].

On mental status examination, plaintiff exhibited withdrawn behavior, slow speech, an anxious tense affect, poor insight, poor judgment, and impaired immediate, recent, and remote memory. He was oriented to person, place, time, and situation, and his appearance, thought process, and thought content were within normal limits. [AR 272-273]. Dr. Umakanthan diagnosed plaintiff with recurrent, severe major depressive disorder, with psychotic symptoms, rule out antisocial personality disorder. He assigned plaintiff a Global Assessment of Function ("GAF") score of 40, which signifies some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school). See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") Multiaxial Assessment 30, 34 (4th ed. 1994)(revised 2002). Dr. Umakanthan continued plaintiff on Prozac and Risperdal, which had been initially prescribed by another County Behavioral Health physician, Dr. Thaeker, whom plaintiff had seen on July 22, 2004 after seeking help at a County clinic for depressive and psychotic symptoms. [AR 274-285; see AR 286].

Dr. Thaeker also evaluated plaintiff and detected abnormal mental status examination findings. [AR 276-277]. He noted that plaintiff exhibited soft speech, depressed affect, paranoid delusions, impaired recent memory, fair insight, and fair judgment. Dr. Thaeker diagnosed schizoaffective disorder and alcohol dependency in remission for a year and a half. He gave plaintiff a GAF score of 45, indicating serious

1  symptoms, such as suicidal ideation or severe obsessional rituals, or any serious impairment in social,
2  occupational, or school functioning, such as the absence of friends or the inability to keep a job. See DSM-
3  IV at 30, 34.

4        The ALJ mentioned "treatment notes" from County Behavioral Health that "show visits for
5  medication management" documenting a decrease in symptoms of depression, auditory hallucinations, and
6  paranoia with medication, and he concluded that those notes "show overall improvement." [AR 15]. The
7  ALJ, however, did not discuss, or give reasons for rejecting, Dr. Umakanthan's treating source evaluation,
8  nor did he discuss that of Dr. Thaeker. Even if the ALJ accurately surmised that the County Behavioral
9  Health treatment notes document "overall improvement" in plaintiff's psychiatric condition, he did not
10 explain how that improvement is indicative of an ability to work. See Holohan v. Massanari, 246 F.3d 1195,
11 1205 (9th Cir.2001) ( "That a person who suffers from severe panic attacks, anxiety, and depression makes
12 some improvement does not mean that the person's impairments no longer seriously affect her ability to
13 function in a workplace.").[2]

14       The ALJ based his finding of no disability on the opinion of the Commissioner's consultative
15 examining psychiatrist, Dr. Woodard, whose assessment he described in some detail, and on the opinion of
16 the non-examining state agency physician. [See AR 15]. The ALJ's silent disregard of the findings and
17 conclusions of plaintiff's County Behavioral Health treating physicians in favor of the examining and non-
18 examining physicians' opinions is reversible legal error. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir.
19 2007); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

20       **Lay witness testimony**

21       Plaintiff contends that the ALJ improperly failed to comment on a third-party lay witness
22 questionnaire dated February 2, 2003 by Maria Masloff, plaintiff's care provider. [JS 7; see AR 105].

---

[2]    The Commissioner attempts to fill in the blanks in the ALJ's decision by suggesting, among other things, that since there is evidence plaintiff continued to drink alcohol during his initial months of treatment with Dr. Umakanthan, his psychiatric symptoms can be attributed to ongoing alcohol use. [JS 5]. The ALJ, however, did not draw that inference (nor is it clear that the record contains evidence to support it). The Commissioner's efforts to provide a post-hoc rationale not articulated by the ALJ must be rejected. See Stout, 454 F.3d at 1054 (stating that the court is "constrained to review the reasons the ALJ asserts" for denying benefits).

Under Ninth Circuit law, "[t]he ALJ is required to account for all lay witness testimony in the discussion of his or her findings." Robbins, 466 F.3d at 885. "[W]here the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

As noted above, plaintiff was found "not disabled" through March 14, 2003 the date of the prior final decision denying his previous application for benefits. The ALJ did not reopen the prior decision. The ALJ's failure to discuss Ms. Masloff's questionnaire is at most harmless error because that report pertained to plaintiff's condition before March 14, 2003, when he was not disabled.

**Side effects of medications**

Plaintiff argues that the ALJ's analysis of plaintiff's subjective symptoms failed properly to take into account evidence regarding the type, dosage, effectiveness, and side effects of plaintiff's psychiatric medications. Because the ALJ improperly disregarded treating source evidence bearing on his psychiatric treatment and response to treatment, it is unnecessary separately to consider this contention.

**Hypothetical question**

Plaintiff contends that the ALJ's hypothetical question to the vocational expert was legally flawed because it did not include any of the impairments and functional limitations found by Dr. Umakanthan.

The ALJ's job at the fifth step in the sequential evaluation procedure is to pose hypothetical questions that set out all of the claimant's impairments for the consideration of the vocational expert, who then "translates these factual scenarios into realistic job market probabilities. . . ." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). Hypothetical questions posed to the vocational expert must accurately describe all of the limitations and restrictions of the claimant that are supported by substantial evidence in the record. Robbins, 466 F.3d at 886; Tackett, 180 F.3d at 1101.

The ALJ did not rely on the treating psychiatrists' treating findings and opinions to formulate his hypothetical question to the vocational expert. [See AR 415]. The ALJ's erroneous evaluation of the treating source evidence renders his hypothetical question to the vocational expert "legally inadequate." Robbins, 466 F.3d at 886 (reversing and remanding where the ALJ's flawed evaluation of evidence led him to omit from the hypothetical question limitations that could have been determinative of the vocational expert's

testimony).

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

The appropriate remedy in this case is a remand for further administrative proceedings because it is not clear from the record that the ALJ would be required to award benefits if the ALJ properly weighed the medical opinion evidence. On remand, the ALJ shall conduct a supplemental hearing and issue a new decision that adequately addresses the medical opinion evidence, any lay witness statements pertaining to the relevant period, and the factors bearing on the credibility of plaintiff's subjective symptom testimony.

///

///

///

**Conclusion**

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is reversed, and the case is remanded for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: July 31, 2008

_____
ANDREW J. WISTRICH
United States Magistrate Judge